UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHANDEL SAMUEL MONTGOMERY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:16-cv-03207 |
| INTEGRITY STAFFING SOLUTIONS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT TO
THE TELEPHONE CONSUMER PROTECTION ACT**

NOW comes SHANDEL SAMUEL MONTGOMERY ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of INTEGRITY STAFFING SOLUTIONS, INC. ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

## PARTIES

4. Plaintiff is a natural person residing at 5428 Scarlet Drive, Apartment B, Indianapolis, Indiana, which falls within the Southern District of Indiana.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6. Defendant is one of the leading specialty staffing firms in the United States. As a corporation formed under the laws of Delaware, Defendant maintains its headquarters at 700 Prides Crossing, Suite 300, Newark, Delaware.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Several years ago, Plaintiff utilized the services of Defendant for temporary job placement. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

10. In approximately September 2016, Plaintiff started receiving calls and text messages from Defendant to his cellular phone, (317) XXX-3665. *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner and operator of the cellular phone ending in 3665. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. The phone number that Defendant has most often used to contact Plaintiff from is (855) 411-2411. *See* Exhibit A.

13. Upon information and belief, the phone number ending in 2411 is regularly used by Defendant during its solicitation of consumers in Indiana.

14. When Plaintiff answers calls from Defendant he is often greeted with an automated message soliciting him to use its employment placement services. *Id.*

15. During unanswered calls, Defendant leaves Plaintiff recorded voicemails with the same type of solicitation message. *Id.*

16. After missing a call from Defendant, Plaintiff called it back and spoke with a representative. During the conversation Plaintiff informed that he was not interested in Defendant's services as he had permanent employment. *Id.*

17. Plaintiff demanded that Defendant cease calling him. *Id.*

18. Despite telling Defendant not to call him, Plaintiff has continued to receive regular automated calls to his cellular phone throughout October 2016. *Id.*

19. Defendant has called Plaintiff multiple times during the same day. *Id.*

20. Plaintiff has received not less than 20 calls from Defendant after demanding that it stop contacting him. *Id.*

21. Plaintiff has spent money purchasing and maintaining an application on his cellular phone for the purpose of blocking Defendant's calls.

22. Plaintiff has suffered charges and expenses that he would not have otherwise incurred if not for Defendant's calls, including the loss of cellular phone capacity.

23. Plaintiff has experienced financial loss as a result of Defendant's conduct.

24. Plaintiff has been unfairly harassed and mislead by Defendant's conduct.

COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff. After answering calls from Defendant, Plaintiff was greeted with a recorded message soliciting him for job placement services. During unanswered calls, Defendant has left the same type of recorded voice message. Additionally, Plaintiff has received text messages from Defendant that appear to be automated. The frequency and nature of Defendant's contacts strongly suggests that a predictive dialing ATDS was being used to generate them.

28. Defendant violated the TCPA by placing phone calls and sending text messages to Plaintiff's cellular phone using an ATDS without his consent. Plaintiff no longer had a business relationship with Defendant after ceasing to use it for job placement services several years ago. Even if Plaintiff had unknowingly consented to receive solicitation calls and text messages from Defendant through means of an ATDS, such permission was explicitly revoked by his demands to cease contact.

29. The calls placed by Defendant to Plaintiff were regarding business solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA

should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, SHANDEL SAMUEL MONTGOMERY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Defendant violated I.C. 24-5-0.5-3 (a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic collection efforts towards Plaintiff.

33. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

34. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

35. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

36. Defendant's solicitation calls to Plaintiff were "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

37. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic and frequent solicitation, Defendant has used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified by Plaintiff that he was not interested in its services. However, Defendant has ignored these prompts in an abusive attempt to solicit business from Plaintiff.

38. In violating the TCPA, Defendant engaged in illegal behavior during its solicitation efforts towards Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

39. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

40. Defendant's conduct is part of a purposeful and systematic scheme to illegally solicit unsophisticated consumers who may not be aware of their rights. Defendant's conduct is an incurable deceptive act of which notice would not remedy.

41. Plaintiff made attempts to correct Defendant's incurable deceptive acts by demanding that it cease contacting him.

42. As pled in paragraphs 20 through 24, Plaintiff has suffered damages as a result of Defendant's unlawful conduct. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, SHANDEL SAMUEL MONTGOMERY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a);

d. Enjoining Defendant to cease contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: November 23, 2016    Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com